IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELENA SKLYARENKO,                              Case No. 3:12-CV-02033-AA
                                                    OPINION AND ORDER
       Plaintiff,

   vs.

CAROLYN COLVIN,
Acting Commissioner of Social Security,

       Defendant.

---

Alan R. Unkeles
3000 NW Stucki Place #230
Hillsboro, OR 97214

John E. Haapala Jr.
401 E. 10th Ave. #240
Eugene, OR 97401
    Attorneys for plaintiff

S. Amanda Marshall
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97201

Diana Andsanger
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A

PAGE 1 - OPINION AND ORDER

Seattle, WA 98104
    Attorneys for defendant

AIKEN, Chief Judge:

    Plaintiff Elena Sklyarenko ("plaintiff") brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner. The Commissioner denied plaintiff's applications for Title II disability insurance benefits (DIB) and Title XVI supplemental security income (SSI) disability benefits under the Act. 42 U.S.C. §§ 401-34, 1381-83f. For the reasons set forth below, the Commissioner's decision is affirmed.

## PROCEDURAL BACKGROUND

    Plaintiff protectively filed her application for DIB and SSI benefits on September 26, 2008. Tr. 129-131, 132-138. She alleged an inability to work beginning April 28, 2006, tr. 129, 132, due to bilateral carpal tunnel syndrome, asthma, arthritis, lumbago, shoulder rotator cuff syndrome, varicose veins, and knee problems. Tr. 84. Her applications were denied initially, tr. 72-84, and upon reconsideration. Tr. 90-97. On April 14, 2010, after a hearing, the Administrative Law Judge ("ALJ") found that plaintiff was disabled between April 28, 2006 and April 27, 2009. Tr. 18-33. The Appeals Council, after considering additional records presented by plaintiff, found that the new evidence did not provide a basis for overturning the ALJ's decision, and therefore denied plaintiff's request for review. Tr. 1-3. The ALJ's decision thus became the final agency decision. See 20 C.F.R. §§ 404.981, 416.1481, 422.210

(2005). Plaintiff then filed a complaint in this Court.

## STATEMENT OF THE FACTS

Born in 1963, plaintiff was 43 years old at her alleged onset date and 47 years old at the time of the hearing. Tr. 46. Plaintiff has a high school degree. Tr. 47. Plaintiff has past work experience as a caretaker, janitor, electronics assembly worker, and housekeeper. Tr. 181.

After the ALJ's decision, on September 7, 2012, plaintiff submitted the following additional evidence to the Appeals Council for review: two representative briefs dated April 28, 2010 and August 27, 2012; a one-page letter from plaintiff's physical therapist, dated April 27, 2010; and a report from Dr. Oisin O'Neill M.D. dated May 13, 2010. Tr. 5, 219, 220-224, 488, 489-491.

## STANDARD OF REVIEW

This Court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Commissioner's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to

PAGE 3 - OPINION AND ORDER

establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e),

416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## ALJ'S FINDINGS

At step one of the five step sequential evaluation process outlined above, the ALJ found that the plaintiff had not engaged in substantial gainful activity since the application date. Tr. 26. This finding is not in dispute. At step two, the ALJ determined that the plaintiff has the following severe impairments: "degenerative disc disease, asthma, and minimal partial tear of the medial collateral ligament." Id. The ALJ also determined that the plaintiff "had the severe impairment of bilateral carpal tunnel syndrome at all relevant times up to April 27, 2009." Id. This finding is not in dispute. At step three, the ALJ found that the plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 26-27. This finding is not in dispute.

Since plaintiff did not establish disability at step three, the ALJ evaluated whether plaintiff's impairments affected her ability to work. The ALJ found that, from April 28, 2006 through April 27, 2009, plaintiff had the residual functional capacity

PAGE 5 - OPINION AND ORDER

("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except

> [S]he could occasionally climb ladders, ropes, and scaffolds; she could occasionally kneel; she could frequently climb ramps and stairs; she could frequently balance, stoop, crawl, and crouch; she could occasionally perform bilateral twisting and gripping; and she needed to avoid concentrated exposure to fumes, dust, odors, and gases.

Tr. 27. At step four, the ALJ found that plaintiff was unable to perform her past relevant work between April 28, 2006 and April 27, 2009. Tr. 28. This finding is not in dispute. Finally, at step five, the ALJ found that between April 28, 2006, and April 27, 2009, there were no jobs that existed in significant numbers in the national economy that plaintiff could have performed. Tr. 28-29. This finding is not in dispute.

## DISCUSSION

The ALJ determined that plaintiff was disabled from April 28, 2006 to April 27, 2009. After April 27, 2009, the ALJ found that plaintiff had experienced medical improvement, and, after making an RFC finding based on objective medical evidence, found that improvement related to her ability to perform past relevant work as an electronics assembly worker. Tr. 29, 30-31, 32. At issue in this case is whether the ALJ's finding of medical improvement, and the resulting findings based on plaintiff's ability to perform past relevant work, are proper.

Plaintiff alleges that the ALJ erred by (1) finding medical improvement; (2) finding her testimony not credible; and (3) failing to include all relevant limitations in the hypothetical

PAGE 6 - OPINION AND ORDER

posed to the Vocational Expert ("VE"), thereby invalidating her conclusion that plaintiff could perform past relevant work. Pl.'s Br. 6, 13, 14; Pl.'s Reply Br. 1, 4, 6.

I. ALJ's Finding of Medical Improvement

Plaintiff asserts the ALJ failed to provide clear and convincing reasons, supported by substantial evidence in the record, demonstrating medical improvement.

A prior finding of disability creates a presumption of continuing disability. Perry v. Heckler, 722 F.2d 461, 464 (9th Cir. 1983). In order to overcome the presumption of continuing disability, the Commissioner must show that "claimants can do less demanding substantial gainful work, given their age, education, and work experience." Id. To meet this burden, the Commissioner must produce substantial evidence that "(A) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and (B) the individual is now able to engage in substantial gainful activity." 42 USC § 423(f)(1). "Medical improvement" is defined as follows:

> any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continue to be disabled. . . A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs, or laboratory findings associated with your impairment(s).

20 C.F.R. §§ 416.994a(c), 404.1594(b)(1), 416.994(b)(1)(i). The issue here is not whether plaintiff continues to suffer from the same impairments that justified her initial award of benefits, but

PAGE 7 - OPINION AND ORDER

whether the severity of her impairments has decreased enough to allow her to engage in substantial gainful activity. Warre, 439 F.3d at 1006.

The ALJ found three reasons that medical improvement had occurred as of April 28, 2009. First, plaintiff failed to discuss any alleged symptoms of her carpal tunnel syndrome with her doctor between January and March 2009. Tr. 29, 404, 413, 423. Next, plaintiff complained of worsening wrist pain in September 2009, tr. 29, 446, but the results from an EMG later that month showed no signs of carpal tunnel syndrome, neuropathy, or myopathy. Tr. 29, 450. Finally, the ALJ pointed to a statement made by Dr. Sohlberg, one of plaintiff's treating physicians, stating he was "not convinced" plaintiff had carpal tunnel syndrome Tr. 29, 453.

Plaintiff argues that the ALJ failed to provide substantial evidence to support each of these reasons. Pl.'s Br. 7. I disagree and hold the ALJ's finding of medical improvement is proper.

The ALJ concluded that plaintiff experienced medical improvement because she failed to discuss alleged symptoms or limitations of her carpal tunnel syndrome with Dr. Victoria Khary, her treating physician. Tr. 29. The amount of pain treatment sought by a claimant is "powerful evidence regarding the extent to which [plaintiff was] in pain." Burch v. Barnhart 400 F.3d 676, 682 (9th Cir. 2005). Although plaintiff argues that her carpal tunnel syndrome was a "primary or secondary" complaint at that time, Pl.'s Br. 8, Pl.'s Reply Br. 1-2, plaintiff did not discuss any symptoms or limitations resulting from her carpal tunnel syndrome with her

PAGE 8 - OPINION AND ORDER

treating physician from January to March 2009. Tr. 29, 404-433. The ALJ inferred that plaintiff's lack of discussion implies an improvement in her symptoms. This inference is a proper demonstration of medical improvement. Burch, 400 F.3d at 682; 20 C.F.R. §§ 416.994a(c), 404.1594(b)(1), 416.994(b)(1)(i).

The ALJ properly relied on the results of a normal EMG conducted in September 2009 to indicate medical improvement. Laboratory findings are an accepted way of demonstrating medical improvement. 20 C.F.R. §§ 416.994a(c), 404.1594(b)(1), 416.994(b)(1)(i). The ALJ first noted that plaintiff was diagnosed with bilateral carpal tunnel syndrome in April 2006. Tr. 26, 225-226, 478-484. The ALJ then pointed to evidence showing that the "EMG study [in September 2009] was normal, showing no evidence of neuropathy, myopathy, or carpal tunnel syndrome." Tr. 29, 448-450.

Plaintiff argues that these are an "anamaly" [sic] and inconsistent with other testing that reveals worsening symptoms, namely another EMG conducted in January 2010, and a neurosurgical consultation. Pl.'s Reply Br. 2, tr. 454-457, 489-491. A finding of medical improvement is not predicated on the disappearance of symptoms altogether, but simply a showing that a claimant has demonstrated medical improvement sufficient to allow her to engage in substantial gainful activity. Warre, 439 F.3d at 1006; 20 C.F.R. §§ 416.994a(c), 404.1594(b)(1), 416.994(b)(1)(i).
The ALJ noted, and the record indicates, that although the later EMG demonstrated a left median neuropathy, these results do not indicate worsening symptoms or a necessity for further treatment.

PAGE 9 - OPINION AND ORDER

Tr. 29, 31, 448-450, 454-457. Indeed, the ALJ correctly pointed out that the residual functional capacity assessment made on April 27, 2009 is consistent with plaintiff's medical evidence in the record and support's plaintiff's ability to work. Tr. 31, 434-441. Thissubstantial evidence that plaintiff no longer suffers from disabling carpal tunnel syndrome, and a clear demonstration of medical improvement.

Finally, the ALJ's reliance on Dr. Sohlberg's statement that "he was 'not convinced' that the [plaintiff] still had carpal tunnel syndrome" is substantial evidence sufficient to demonstrate medical improvement. Tr. 29, 453; 20 C.F.R. §§ 416.994a(c), 404.1594(b)(1), 416.994(b)(1)(i). An ALJ may rely on a treating physician's description of inconsistencies between a claimant's alleged symptoms and their behavior during an exam as substantial evidence to support a finding, so long as the ALJ provides specific reasons for doing so. Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1196 (9th Cir. 2004) (citation omitted).

Important to the ALJ's determination is the ALJ's reliance on a statement by Dr. Sohlberg. The ALJ properly relied on Dr. Sohlberg's opinion that plaintiff did not have carpal tunnel syndrome based upon normal test results and plaintiff's inconsistent behaviors during an examination. Tr. 29, 31, 453. The ALJ also noted, and the record confirms, that Dr. Sohlberg's statements are consistent with the medical evidence in the record. Tr. 28. The ALJ pointed to a specific and legitimate reason to believe Dr. Sohlberg and therefore her reliance on his statement is

PAGE 10 - OPINION AND ORDER

proper.

In light of the substantial evidence supporting the ALJ's decision finding medical improvement, I affirm her decision.

II. The ALJ's Credibility Finding

Plaintiff next contends the ALJ failed to provide clear and convincing reasons, supported by substantial evidence, to reject her subjective symptom statements concerning the extent and severity of her impairments. Pl.'s Br. 13, Pl.'s Reply Br. 4.

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, an "ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted).

A general assertion that a claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (citation omitted). If, however an "ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

PAGE 11 - OPINION AND ORDER

An ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. Smolen, 80 F.3d at 1284. An ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony is not "substantiated affirmatively by objective medical evidence." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006). The Commissioner recommends assessing the claimant's daily activities; the location, duration, frequency, and intensity of the individual's pain or other symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; and any measures other than treatment the individual uses or has used to relieve pain or other symptoms. SSR 96-7P, 1996 WL 374186 (July 2, 1996).

At the hearing, plaintiff testified regarding her impairments and the resulting limitations. Plaintiff testified that she experienced symptoms of carpal tunnel syndrome, asthma, and pain in her knee, back, neck, and shoulder, and that these symptoms impacted her personal life as well as her ability to work. Tr 50-52. Plaintiff testified that she cannot stand for more than twenty minutes, lift more than five pounds, and cannot tolerate strong smells like Lysol or rubbing alcohol. Tr. 52-55, 69. Plaintiff stated further that the pain in her shoulder, knee, back, and neck

PAGE 12 - OPINION AND ORDER

made her unable to work in food service or as a caregiver, as well as engaging in any sedentary work. Tr. 51.

The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to produce plaintiff's alleged symptoms, but that the intensity, persistence, and limiting effects of these symptoms were not credible after April 28, 2009 to the extent they are inconsistent with the residual functional capacity assessment of April 27, 2009. Tr. 30, 434-441. The ALJ first noted the medical evidence does not corroborate plaintiff's symptoms. Tr. 31. Second, the ALJ relied on plaintiff's medical records and the moderate, but not disabling, evidence of some impairments like carpal tunnel syndrome and back pain. Id. Then, the ALJ cited inconsistencies between the plaintiff's testimony and statements made by plaintiff's treating physicians. Id. Finally, the ALJ pointed to medical evidence showing that plaintiff's asthma symptoms have stabilized due to successful medical treatment. Id.

The ALJ also noted plaintiff's failure to provide full effort during an examination to support her finding of adverse credibility. Tr. 31. A claimant's self-limiting behavior during an examination has been construed to "argue strongly as to [a] lack of credibility." Thomas, 278 F.3d at 959. The ALJ referred to an exam in October 2009 where plaintiff "insisted that she still had carpal tunnel syndrome," alleged that testing failed to detect her problem, and "did not give full effort during the wrist examination." Tr. 31, 453. Here, the ALJ's findings support her conclusion that plaintiff is not credible regarding her limitations

PAGE 13 - OPINION AND ORDER

and pain.

The ALJ's conclusion that plaintiff's effective medical treatment for her asthma detracted from her credibility is proper. Plaintiff argues that her asthmatic condition, in part, prevents her from performing past work. Pl.'s Br. 15. At the hearing, plaintiff testified that her asthmatic condition is triggered by strong smells like Lysol, which prevent her from cleaning. Tr. 53.

Evidence that a claimant has responded favorably to treatment "undermines [Plaintiff's] reports regarding the disabling nature of [her] pain." Tommasetti v. Astrue, 533 F.3d 1025, 1039 (9th Cir. 2008).

The ALJ pointed to several signs of treatment for plaintiff's asthma, noting that evidence in the record shows that "[plaintiff's] asthma stabilized prior to April 28, 2009." Tr.31. First, the ALJ discusses test results from October 2008 that show her asthma was in a "mild restrictive pattern" and that it had "significant reversibility." Tr. 31, 335. The ALJ then noted a treating physician's remarks, also in October 2008, that plaintiff's asthma was stable. Tr. 31, 275. Here, the ALJ made specific findings regarding the effective treatment and management of plaintiff's asthma.

The ALJ provided clear and convincing reasons, supported by substantial evidence, for rejecting plaintiff's subjective symptom statements. As such, this Court need not discuss all of the reasons provided by the ALJ because at least one legally sufficient reason exists. See Carmickle v. Comm'r Soc. Sec. Admin., 533 F.3d 1155,

PAGE 14 - OPINION AND ORDER

1162-63 (9th Cir. 2008). The ALJ's credibility finding is affirmed.

III. <u>The ALJ's Reliance on Vocational Expert Testimony</u>

At the hearing, the ALJ posed a hypothetical to the VE regarding plaintiff's ability to perform past work. Tr. 63. Specifically, the ALJ asked:

> ...[P]lease assume an individual who is limited to light work, this time can occasionally climb ladders, ropes and scaffolds, and crawl. Frequently could climb ramps, and stairs, balance, stoop, kneel, crouch. Overhead reaching is occasional bilaterally, and the handling and fingering limitations in this RFC are [frequent too]

Tr. 63. The VE then testified that this individual would be capable of working in electronics assembly. <u>Id</u>. Plaintiff testified that she had worked full-time in electronics assembly in the past. Tr. 58-59.

Plaintiff argues that the ALJ erred because the hypothetical "had no relation to the actual limits posed by the combination of plaintiff's impairments." Pl.'s Br. 15. Plaintiff argues that the ALJ's hypothetical "ignored plaintiff [sic] handling and fingering limitations, ignored her asthmatic condition, and ignored her cervical, leg and shoulder pain other than limiting overhead reaching to occasional." <u>Id</u>.

When posing a hypothetical to a VE, an ALJ may limit the hypothetical to restrictions supported by substantial evidence in the record. <u>Magallanes v. Bowen</u>, 881 F.2d 747, 756-757 (9th Cir. 1989). A hypothetical containing all the limitations the ALJ finds credible and supported by substantial evidence in the record allows the ALJ to rely on a VE's opinion. <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1217 (9th Cir. 2005).

PAGE 15 - OPINION AND ORDER

Regarding plaintiff's allegation that the ALJ ignored plaintiff's cervical, leg, and shoulder pain, I find that the ALJ's hypothetical was proper, and therefore plaintiff's pain testimony not credible. Tr. 30-31, supra Section II. The hypothetical was based on the findings of the April 27, 2009 physical residual functional capacity form. Tr. 434-441. The ALJ found this assessment consistent with the medical evidence in the record and gave it significant evidentiary weight. Tr. 31. Because the ALJ based this part of her hypothetical on evidence she found credible and substantial, her reliance on the VE's testimony is proper.

Regarding plaintiff's allegation that the ALJ ignored the plaintiff's asthma, I find any error harmless. An error is harmless "where the mistake [is] nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion." Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006); Carmickle, 533 F.3d at 1162; Tommasetti, 533 F.3d at 1038, Robbins, 466 F.3d at 885.

Here, the error is harmless in two ways. First, because the ALJ ultimately included limitations regarding the plaintiff's asthma in the RFC. Tr. 30. Second, because the VE's opinion did not change when asked about fumes or irritants. Tr. 66. The VE noted that fumes, irritants, and dust were listed under the environmental conditions of the job, but were not listed as a significant issue, and would not be routinely encountered. Tr. 66-67. This testimony is consistent with the RFC, which limits "concentrated exposure to dust, gases, fumes, and odors." Tr. 30. Because omission of

plaintiff's asthma did not affect her ability to perform her past work, it is harmless.

Accordingly, the ALJ's step four finding is based on substantial evidence and is free of legal error; it is therefore affirmed.

## CONCLUSION

The ALJ's decision is based on correct legal standards and supported by substantial evidence. Thus, the Commissioner's decision is AFFIRMED and this case is dismissed.

IT IS SO ORDERED.

Dated this 23 day of February 2014.

                Ann Aiken
     United States District Judge